UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY FOSTER,

        Plaintiff,                        Case No.  03-75170

v.                                         District Judge Denise Page Hood
                                              Magistrate Judge R. Steven Whalen

CITY OF DETROIT, et al.,

        Defendant
_____/

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendants City of Detroit, Wayne Little, Jade Tanquary, Delon Steen, Ronald Taylor, Bernadette Najor, Victoria Willis, Robert Johnson, David Newkirt and Romel Jamerson [Docket #30]. The individual Defendants are all Detroit Police Department personnel. This Motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons discussed below, I recommend that Defendants' Motion be GRANTED and the Complaint DISMISSED as to these Defendants.

### I.    PROCEDURAL HISTORY

#### A.    The Present Complaint

Plaintiff originally filed her Complaint in the Wayne County, Michigan Circuit Court on December 8, 2003. On December 24, 2003, Defendants filed a Notice of Removal to this

Court, pursuant to 28 U.S.C. §§1331, 1367 and 1441. The Plaintiff raises the following claims in her Complaint:

Count 1: A claim of failure to train, monitor, supervise, investigate or discipline Police Officer Wayne Little and Detroit Police Officers generally, brought pursuant to 42 U.S.C. §1983 against Defendants City of Detroit, Johnson, Newkirt and Jamerson.

Count 2: A §1983 claim against Defendants City of Detroit and Investigator Victoria Wills "for failure to investigate, monitor or properly screen an employee allowing retaliation against" Plaintiff.[1]

Count 3: A §1983 claim based on illegal arrest and excessive force, against Defendants Little and Detroit Police Officers Tanguary, Steen, Taylor, Najor, Lt. Johnson, Sgt. Newkirt and Sgt. Jamerson.

Count 4: A §1983 claim against Defendant Little, based on a theory of malicious prosecution.

Count 5: A state law claim of gross negligence against Defendants Little, Tanguary, Steen, Taylor, Najor, Johnson, Newkirt and Jamerson.

These claims arise out of an incident which occurred on December 9, 2000 at a Detroit nightclub known as "The Other Place," culminating in the Plaintiff's arrest by the Detroit police. *Complaint*, ¶¶ 13-14. Plaintiff claims that Defendant Officer Little used

---

[1] Count 2 also alleges an unlawful strip searching of Plaintiff by Defendant Wayne County Sheriff's Department. Neither that claim nor that Defendant is the subject of the present Motion.

excessive force in arresting her without probable cause, and that Officers Tanguary, Steen, Taylor, Najor, Johnson, Newkirt and Jamerson "did either watch Little's assault (use of excessive force) and false arrest of Ms. Foster, and/or for doing nothing to stop, PO Wayne Little's, assault and illegal arrest of Kim Foster, and for even assisting, watching and condoning Little's unlawful conduct." *Id.*, ¶14.

### B. The Prior State Court Complaint

Before filing the present Complaint, Plaintiff filed an action under Wayne County Circuit Court docket no. 02-222567-NO, titled Kimberly L. Foster v. Detroit Police Officer Wayne Little.[2] That Complaint, which named only Defendant Little, was based on the same events of December 9, 2000 at "The Other Place," and alleged false arrest (Count 1), false imprisonment (Count 2), assault and battery (Count 3), intentional infliction of emotional distress (Count 4), gross negligence (Count 5), and malicious prosecution (Count 6).

On December 20, 2004, the Wayne County Circuit Court dismissed Plaintiff's case on the merits, with prejudice.

### II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the

---

[2]Attached as Exhibit A to Plaintiff's Response to Motion for Summary Judgment.

non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Finally, Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III.   RES JUDICATA

In *Migra v. Warren City School Dist. Bd. Of Edu.*, 465 U.S. 75, 85, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Court held that under the Full Faith and Credit Act, 28 U.S.C. §1738, a state court judgment has the same preclusive effect in federal court that the judgment would have in the state courts.[3] Federal courts have thus applied Michigan's res judicata in determining whether a Michigan State court determination bars a federal claim. *See Brookins v. General Motors Corp.,* 843 F.2d 879, 880 (6th Cir.1987).

Although Defendants style this as a motion for summary judgment under Rule 56, it is in fact based on the procedural defense of res judicata.[4] Applying *Migra*, this Court must determine whether Plaintiff's claims which were not actually raised in the first state court proceeding would be precluded from judicial review under Michigan's doctrine of res judicata.

Generally, the doctrine of res judicata, or claim preclusion, bars a subsequent action

---

[3] For the federal cause of action to override the strictures of the Full Faith and Credit Act, 28 U.S.C. § 1738, as cited in *Migra,* the statute creating the cause of action must contain "an express or implied partial repeal of 1738." *Heyliger v. State University and Community College System of Tennessee* 126 F.3d 849, 852 ( 6th Cir. 1997), *quoting Matsushita Elec. Indus. Co., Ltd. v. Epstein,* 516 U.S. 367, 116 S.Ct. 873, 881, 134 L.Ed.2d 6 (1996). Sec. 1983 contains no such repeal.

[4] The preclusive effect of prior judgments has been described in various terms, including res judicata, collateral estoppel, claim preclusion and issue preclusion. The term "claim preclusion" denotes "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit," and may be used synonymously with the term "res judicata." *Migra v. Warren City School Dist. Bd. of Edu.*, 465 U.S. 75,77, fn.1 (1984). The term "collateral estoppel" or "issue preclusion" refers more properly "to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided" *Id.* Using this nomenclature, I view the present case as falling under the rubric of res judicata, or claim preclusion.

between the same parties when the evidence or essential facts of the two cases are identical. Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) both actions involved the same parties or their privies, and (3) the matter being litigated in the second case was or could have been resolved in the first case. *Sewell v. Clean Cut Mgt.* Inc., 463 Mich. 569, 575, 621 N.W.2d 222 (2001); *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).[5] *See also Dart v. Dart*, 460 Mich. 573, 586, 597 N.W.2d 82 (1999).

---

[5]Michigan therefore follows the "same transaction" test for res judicata, not the more restrictive "same evidence" test. *Adair v. State of Michigan*, 470 Mich. 105, 124-25, 680 N.W.2d 386 (2004).

Applying the Michigan res judicata test to this case, I find that the dismissal of the Plaintiff's prior Wayne County Circuit Court case compels the dismissal of the present case as to not only Officer Little, but also Defendants City of Detroit and the other named Detroit Police Department personnel.

### A. Decision on the Merits

The prior state court case was dismissed on the merits, following a jury trial, but before it was submitted to the jury. The first prong of the res judicata test is therefore met.

### B. Privity of Parties

Plaintiff correctly notes that in the state court action, she named only Defendant Little, not the other police personnel who are parties to the present action. However, for purposes of the second prong of the res judicata analysis, "a perfect identity of the parties is not required, only a 'substantial identity of interests' that are adequately presented and protected by the first litigant." *Adair, supra*, 470 Mich. at 124.[6]

In both cases, Defendant Little is alleged to have been the principal bad actor. It was he, claims Plaintiff, who initiated the encounter, assaulted her and falsely arrested her. The claims now brought against the other officers, as well as against the City of Detroit, are derivative of and dependent on the actions of Officer Little on December 9, 2000. If Defendant Little is not liable (as was determined by Wayne County Circuit Court), then the

---

[6]*Adair* also held that "[t]o be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Id.* at 122, citing *Baraga Co. B. State Tax Comm.*, 466 Mich. 264, 269-70, 645 N.W.2d 13 (2002).

other Defendants are not liable. Hence, all of the Defendants have a "substantial identity of interests" with Defendant Little, which was "adequately presented and protected" by Little in the state court suit. *Adair, supra* at 397.

Accordingly, all City of Detroit Defendants have privity with Little in the first suit, and the second prong of Michigan's res judicata test is therefore satisfied.

### C. The Issues in this case could have been resolved in the first case

"Res judicata bars every claim *arising from the same transaction* that the parties, exercising reasonable diligence, *could have raised but did not.*" *Sewell, supra,* 463 Mich. At 575-76 (emphasis added); *Adair, supra*, 470 Mich. At 123-24. Again, the claims against the City of Detroit and the other Detroit Police Officers are inextricably linked to the alleged actions of Officer Little at The Other Place on December 9, 2000. Applying Michigan's broad res judicata standard, it is clear that these other claims *could* have been raised in the Plaintiff's first state court action. *Jones v. State Farm Ins. Co, supra*, states that res judicata is applicable when "the same facts or evidence are essential to the maintenance of the two actions." The Sixth Circuit has recognized Michigan's broad interpretation of res judicata in deciding whether a Michigan court judgment precludes a federal action pertaining to the same events. *Yinger v. City of Dearborn,* 132 F.3d 35, 1997 WL 735323 (6th Cir. 1997)(unpublished opinion), quoting *Restatement (Second) of Judgments* § 24 (1982) ("[R]es Judicata extinguishes all rights of the Plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose").

All three prongs of the Michigan res judicata rule have been satisfied. Moreover, the policy of judicial economy supports an application of res judicata. "The doctrine of res judicata is a manifestation of the recognition that interminable litigation leads to vexation, confusion, and chaos for the litigants, resulting in the inefficient use of judicial time." *ABB Paint Finishing, supra*, 223 Mich.App. at 562, quoting *Schwartz v. Flint,* 187 Mich.App. 191, 194, 466 N.W.2d 357 (1991). Under *Migra*, the Defendants' Motion to Dismiss should be granted, and the case dismissed with prejudice as to the City of Detroit and the Detroit Police Defendants.

### IV. CONCLUSION

I therefore recommend that Defendants' Motion for Summary Judgment [Docket #30] be GRANTED, and the Complaint dismissed with prejudice as to Defendants City of Detroit, Wayne Little, Jade Tanquary, Delon Steen, Ronald Taylor, Bernadette Najor, Victoria Willis, Robert Johnson, David Newkirt and Romel Jamerson.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

*Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 15, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 15, 2005.

S/Gina Wilson
Judicial Assistant
