UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY FOSTER,

           Plaintiff,                      CASE NO. 03-75170

vs.                                HON.  DENISE PAGE HOOD
                                    U.S. DISTRICT JUDGE

CITY OF DETROIT, *et al.*,          HON. R. STEVEN WHALEN
                                    U.S. MAGISTRATE JUDGE

           Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c), filed by Plaintiff Kimberly L. Foster against Defendant Wayne County on May 16, 2005(Docket #33), and Defendant Wayne County's Response and Cross-motion for Summary Judgment pursuant to filed on August 12, 2005 (Docket #36).  These Motions have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that Plaintiff's Motion be DENIED, Defendant's Motion GRANTED, and the Complaint DISMISSED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed her complaint in the Wayne County Circuit Court on December 8, 2003.  On December 24, 2003, Defendants filed a Notice of Removal to this Court, pursuant to 28 U.S.C. §§1331, 1367 and 1441.

Plaintiff's claims arise out of an incident which occurred on December 9, 2000 at a Detroit nightclub known as "The Other Place," culminating in the Plaintiff's arrest by the Detroit police. *Complaint*, ¶¶ 13-14. Plaintiff alleges that Defendant Little, a police officer, used excessive force in arresting her without probable cause, and that Officers Tanguary, Steen, Taylor, Najor, Johnson, Newkirt and Jamerson, also Defendants, "did either watch Little's assault (use of excessive force) and false arrest of Ms. Foster, and/or for doing nothing to stop, PO Wayne Little's, assault and illegal arrest of Kim Foster, and for even assisting, watching and condoning Little's unlawful conduct." *Id.*, ¶14.[1] On January 14, 2002, a state court jury in Detroit, Michigan found Plaintiff not guilty of knowingly and willfully interfering with officers' attempts to arrest other bar patrons at the December 9, 2000 incident.

Plaintiff alleges that "Wayne Little and several police officers" placed a *capias* felony warrant in the Law Enforcement Information Network (LEIN) system for Failure to Appear for a 1996 felony of Malicious Destruction of Property, although Plaintiff had already completed diversion and restitution (case #96-1542). *Plaintiff's Motion for Summary Judgment, Exhibit* A*, Plaintiff's Affidavit* at ¶32. In September, 2003, Plaintiff was stopped in Oak Park for a misdemeanor traffic violation when officers discovered an outstanding felony warrant in the LEIN system. *Defendant's Brief* at 7. Plaintiff was then taken to the

---

[1]On September 27, 2005, the District Court Judge granted Summary Judgment to the City of Detroit and all named Detroit Police Department personnel, dismissing them from the present suit on the basis of *res judicata*.

-2-

Wayne County Jail where she was strip-searched. Plaintiff alleges that the search was conducted in the presence of both female and male officers, pursuant to Wayne County's "policy of invading a prisoner's right of privacy regardless of cause or justification." *Plaintiff's Motion for Summary Judgment* at ¶11.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS

Plaintiff argues that her September, 2003 strip search violated her Fourth Amendment rights. Citing *Bell v. Wolfish*, 441 U.S. 520, 99 S. Ct. 1861, 60 L.Ed. 2d 447 (1979) and *Wilson v. Jones*, 251 F.3d 1340, 1342-44 (11th Cir. 2001), she maintains that her arrest for

Driving Under the Influence (DUI), did not justify her strip-search, which she claims took place in the presence of at least one male deputy.   *Plaintiff's Brief* at 6.

In   *Bell v. Wolfish,* 441 U.S. at 546,   the Supreme Court held that "Constitutional rights pertaining to the conditions of [pretrial] confinement" must be balanced against "institutional needs and objectives." *Id*. "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id*. at 559.   Constitutional guarantees for pretrial detainees, analyzed pursuant to the Due Process Clause, "must be balanced against the Government's legitimate interests that stem from its need to manage the facility in which the individual is detained." *Rose v. Saginaw County,* 353 F.Supp.2d 900, 918 (E.D.Mich.,2005); *Bell,* at 545.

Routine strip searching of pretrial detainees is not "a *per se* violation of the Fourth Amendment prohibition against unreasonable searches and seizures."   *Mills v. City of Barbourville,* 389 F.3d 568, 578 (6th Cir. 2004).   However, the *Mills* court noted that "a prison policy forcing prisoners to be searched by members of the opposite sex . . .would provide the basis of a claim on which relief could be granted." *Id.* at 579; *Kent v. Johnson,* 821 F.2d 1220, 1226 (6th Cir.1987).   Nonetheless,   *Mills* made a distinction between *routine* strip-searches performed in the presence of the opposite sex and *isolated* incidents.   A male officer's viewing of a female detainee's strip-search "accidently as he was walking by cannot be a constitutional violation in the absence of any evidence that either the normal search policy was unconstitutional or that it was carried out in an unconstitutional manner." *Id*.

Viewing Plaintiff's claims in the most favorable light, they nonetheless fail to

demonstrate a violation of constitutional magnitude.  First, Defendant's policy of strip-searching all detainees held on felony charges serves a "legitimate governmental purpose." pursuant to *Bell,* 441 U.S. at 538, 99 S.Ct. 1861.  As discussed, *infra,* while Plaintiff was stopped on the basis of a misdemeanor offense, Defendant justified its strip-search of Plaintiff based on a good-faith reliance on an entry in the LEIN system which indicated that Plaintiff had an outstanding warrant on a felony.   Likewise, the court in *Dufrin v. Spreen,* 712 F.2d 1084, 1089 (6th Cir. 1983), found that the strip search of a Oakland County detainee, charged with a felony occurring two months before her arrest, was constitutionally permissible.

> "It is enough here that (a) the arrestee was formally charged with a felony involving violence, (b) that her detention was under circumstances which would subject her potentially to mingle with the jail population as a whole, and (c) that the search actually conducted was visual only, and was carried out discreetly and in privacy. Where these circumstances exist, we do not believe that the sheriff is obliged, as a matter of federal constitutional law, to make a subjective evaluation of the underlying nature of the offense or to determine whether a less intrusive search may be employed."

*Id.*   While Plaintiff argues that the jail's strip-search policy does not distinguish between drug crimes and other felonies, she has not presented any facts to indicate that Defendant's practice of strip-searching all detainees charged with felonies is unreasonable.[2]   A policy which might vest jail authorities with discretion to order strip searches based on

---

[2]In 1996, Plaintiff was charged with the malicious destruction of property for more than one hundred dollars. *Deposition of Terri Graham* at page 53. As discussed *supra,* at the time she was stopped for driving under the influence in 2003, a LEIN system check indicated that she had an outstanding warrant on the 1996 charges.

consideration of factors other than the objective classification of the offense–such as whether and to what extent the charge is a "violent" offense or the assessment of the prisoner's attitude--would be to invite disparate treatment of prisoners based on fluid and subjective criteria. While it is true that there are many types of felonies, some inherently violent and some not, and while the felony/misdemeanor classification is somewhat broad, Wayne County's policy appropriately establishes a reasonable and uniform bright-line rule. Under *Bell*, courts must give great deference to the institutions' "adoption and execution of policies," lest they become "enmeshed in the minutiae of prison operations." *Id.* at 441 U.S. at 547.

Further, while any strip search is inherently humiliating, the procedure at the Wayne County Jail–a brief, visual, non-contact search–is narrowly tailored to the institution's security interests and, as in *Dufrin*, must be considered reasonable.

Next, although Plaintiff alleges that both male and female sheriff's deputies witnessed her strip-search, this unelaborated claim, made twice in her motion for summary judgment, stands unsupported by identification or even a description of the male deputy(s) present at her search. Further, a female deputy present at Plaintiff's strip search denied that any males could have been present. *Deposition of Deputy Terri Graham* at 19.

Finally, even assuming, *arguendo*, that a male or males were present at her strip-search, pursuant to *Monell v. Department of Social Services of City of New York* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-2038 (1978), Plaintiff has not presented any facts which indicate that males were customarily or routinely present at the strip-searches of female

-6-

detainees or that Defendant's policymakers implemented or acquiesced in such activity. *See Mills, supra,* 389 F.3d at 578. Moreover, even placing Plaintiff's factual claims in the most favorable possible light, they cannot be construed to support the contention that Defendant was "deliberately indifferent" to constitutional violations. *Memphis, Tennessee Area Local, American Postal Workers Union*, 361 F.3d 898, 902-904, (6th Cir. 2004).

Deputy Terri Graham, testifying that the male jailers were prohibited from entering the portion of the jail used to strip-search female detainees, stated that the floor plan of the jail made a male presence at a strip-search at that facility "impossible," conceding only that Plaintiff might have heard "a male voice . . . through another door." *Deposition* at 19-20.

In short, Plaintiff has presented no facts from which it can be inferred that even if a male guard were present at some point during the strip search, it was anything more than an inadvertent, isolated incident, which would not be actionable under §1983. *Mills, supra*.

## IV. CONCLUSION

For the reasons above, I recommend that Plaintiff's Motion for Summary Judgment [Docket #33] be DENIED, Defendant's Cross-Motion for Summary Judgment [Docket #36] GRANTED, and the Complaint DISMISSED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 23, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 23, 2006.

S/Gina Wilson
Judicial Assistant

-8-